UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIPRIDE SERVICES, LLC, et al., | Case No. 1:21-cv-00969-NONE-EPG |
| Plaintiffs, | |
| v. | ORDER PERMITTING WITHDRAWAL OF MOTION TO STAY; CONSOLIDATING CASES; AND SCHEDULING CASE |
| TEAMSTERS LOCAL 87, et al., | |
| Defendants. | (ECF Nos. 15, 21, 24) |

This matter is before the Court on the parties' "stipulation and order (1) for withdrawal of motion to stay, (2) to consolidate related cases, (3) to waive discovery, (4) to approve briefing schedule, and (5) to approve hearing date." (ECF No. 24). As discussed below, the Court will grant the request to withdrawal the motion to stay, will consolidate this case and Case No. 1:21-cv-01102-NONE-EPG, and will enter a case schedule.

**1. Withdrawal of the Motion to Stay**

On August 24, 2021, the Defendants filed a motion to stay this action until the parties could arbitrate certain issues. (ECF No. 15). However, after conferring, the parties have since "resolved the issues in dispute regarding the Motion and related matters" and Defendants ask that their motion to stay be withdrawn. (ECF No. 24, p. 3). As the parties have resolved the issues regarding the motion to stay, the Court will direct the Clerk to reflect on the docket that the motion to stay has been withdrawn.

**2. Consolidation**

On September 17, 2021, Plaintiffs moved to consolidate this action and Case No. 1:21-cv-01102-NONE-EPG, which cases have recently been deemed related under Local Rule 123. (ECF No. 9 – Case No. 1:21-cv-01102-NONE-EPG). However, after conferring, the parties have agreed to the consolidation of these two actions. (ECF No. 24, p. 4).

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." In exercising its discretion, the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). Here, the Court determines that the above-captioned actions involve the same or similar parties, claims, and questions of fact or law, and that consolidation will avoid unnecessary costs and duplication of proceedings. Thus, good cause exists to grant the parties' stipulation and consolidate these cases. And given the parties' stipulation, the Court will direct the Clerk to designate the motion to consolidate as no longer pending on the docket.

**3. Waiver of Discovery**

After conferring, the parties "have mutually agreed to waive discovery because the parties believe it is likely that the issues in dispute in the Consolidated Case can appropriately be resolved by this Court without discovery, based on cross-motions for judgment on the pleadings and/or (if any party's motion is accompanied by a declaration or affidavit) for summary judgment." (ECF No. 24, p. 4). The parties ask the Court to "adopt a scheduling order indicating that the parties have mutually waived the right to engage in discovery, and the parties instead seek to have relevant issues decided based on cross-motions." (*Id.*). Given the parties' stipulation, the Court will set a case schedule reflecting that the parties have agreed to waive discovery.

**4. Agreed Briefing Schedule**

In proceeding without discovery, the parties have conferred and agreed to the following briefing schedule:

(a) the [parties] each will file a cross-motion for judgment on the pleadings and/or (if any party's motion is accompanied by a declaration or affidavit) for summary judgment on or before Monday, December 6, 2021; (b) each side will file oppositions to the other side's motion on or before Monday, January 10, 2022; and (c) each side will file a reply brief in support of its motion on or before Monday, January 24, 2022.

(*Id.* at 5). The parties request that the Court adopt a scheduling order reflecting these deadlines, which request is granted.

**5. Hearing Date**

For their cross-motions, the parties request that a hearing be held on February 11, 2022. (*Id.*). However, under the current standing order, "civil motions will be deemed submitted on the record and the briefs pursuant to Local Rule 230(g)." (ECF No. 6-1, p. 1). If the presiding District Judge determines that a hearing is necessary, one will be set on the calendar. (*Id.* at 2). Thus, the Court declines to set any hearing date.

Accordingly, for the reasons given, IT IS ORDERED as follows:

1. The Clerk to directed to reflect on the docket that the motion to stay (ECF No. 15) has been withdrawn.

2. This action and Case No. 1:21-cv-01102-NONE-EPG shall be consolidated for all purposes, including trial, pursuant to Rule 42(a).

    a. The Clerk is to designate the motion to consolidate (ECF No. 21) as no longer pending on the docket;

    b. The October 14, 2021 hearing on the motion to consolidate is vacated;

    c. The Clerk is directed to file this order in each of the above-referenced case;

    d. Going forward, the parties and the Clerk are directed to file documents under only the lead case number. Future captions should indicate the lead case number followed by the member case number as follows:

        Lead Case No.: 1:21-cv-00969-NONE-EPG

        Member Case No.: 1:21-cv-01102-NONE-EPG

3. The Court enters the following case schedule, noting that the parties have mutually waived the right to engage in discovery:

3

    a. The parties shall each file a cross-motion for judgment on the pleadings and/or (if any party's motion is accompanied by a declaration or affidavit) for summary judgment on or before Monday, December 6, 2021;

        i. Prior to filing a motion for summary judgment or motion for summary adjudication, the parties are ordered to meet and confer, in person or by telephone, to discuss the issues to be raised in the motion.

        ii. In addition to complying with the requirements of Local Rule 260, the parties must prepare a Joint Statement of Undisputed Facts, which identifies all relevant facts subject to agreement by all parties. The moving party is responsible for filing the joint statement. In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to do so.

    b. Each side will file an opposition to the other side's motion on or before Monday, January 10, 2022;

    c. Each side will file a reply brief in support of its motion on or before Monday, January 24, 2022.

        i. This order represents the Court and the parties' best estimated schedule to complete this case.

        ii. Any party unable to comply with the dates outlined in this order shall immediately file an appropriate motion or stipulation identifying the requested modification(s). The dates set in this order are considered to be firm and will not be modified absent a showing of good cause, even if a stipulation to modify is filed. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations with attached exhibits, where appropriate, that establish good cause for granting the requested relief. Due to the impacted nature of the civil case docket, this Court disfavors requests

to modify established dates.

  iii. Failure to comply with this order shall result in the imposition of sanctions.

 d. The Court declines to set any hearing date on the cross-motions. However, if the presiding District Judge determines that a hearing is necessary, one will be set on the calendar.

 e. The initial scheduling conference (ECF No. 17) set for November 29, 2021, is vacated.

IT IS SO ORDERED.

Dated: **October 4, 2021**      /s/ Erica P. Grosjean
               UNITED STATES MAGISTRATE JUDGE